UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Case No. 0:17-cv-00718-DWF-KMM

Kelly Jon Brothers,

                      Petitioner,

v.

Eddie Miles, Warden,

                      Respondent.

**REPORT AND RECOMMENDATION**

Kelly Jon Brothers, OID # 244407, Minnesota Correctional Facility—Faribault, 1101 Linden Lane, Faribault, MN, 55021, petitioner pro se

Susan B. DeVos, Blue Earth County Attorney's Office, P.O. Box 3129, Mankato, MN 56002, counsel for respondent

      This matter is before the Court on Petitioner Kelly Jon Brothers's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pet., ECF No. 1. In his petition, Mr. Brothers challenges his state court conviction for first-degree criminal sexual conduct, arguing that his due process rights were violated because there was insufficient evidence that the victim did not freely consent to the sexual conduct underlying his conviction. *Id.* For the reasons discussed below, the Court recommends that Mr. Brothers's petition be denied.

## BACKGROUND

      The conviction underlying this petition is from a state court proceeding in Minnesota. Mr. Brothers was charged with second-degree assault with a dangerous weapon, terroristic threats, first-degree criminal sexual conduct, false imprisonment, domestic assault by strangulation, and third-degree criminal sexual conduct. *State v. Brothers*, A14-1771, 2015 WL 6829679, at *1 (Minn. App. Nov. 9, 2015). The jury acquitted Mr. Brothers of third-degree criminal sexual conduct and domestic assault by strangulation, but found him guilty of all remaining charges. *Id.*, at *2. The jury

also used a separate special verdict form to find that Mr. Brothers tortured the victim during the commission of the crimes, but that he did not inflict more injury than necessary to commit the crimes. *Id.* After concluding that Mr. Brothers committed criminal sexual conduct "by force or violence," the court imposed consecutive sentences for each crime for which Mr. Brothers was convicted. *Id.* He was sentenced to a total of 306 months in prison. *Id.*

On appeal to the Minnesota Court of Appeals, Mr. Brothers argued that the state failed to prove that the victim did not freely consent to the sexual conduct. Resp.'s App. § B at 18, ECF No. 7-2. Specifically, Mr. Brothers asserted that state violated the Due Process Clause by failing to adequately prove lack of consent, an element for conviction under the relevant state statute. *Id.* Mr. Brothers also argued that the district court erred by allowing expert testimony on counterintuitive and submissive behaviors of sexual assault victims, and by imposing multiple sentences for crimes arising out of the same behavioral incident. *Id.* at 22, 30.

The court of appeals affirmed the first-degree criminal-sexual-conduct conviction, finding sufficient evidence to support the jury's conclusion that the victim did not freely consent. *Brothers*, 2015 WL 6829679, at *3. In considering Mr. Brothers's challenge, the court conducted a "painstaking analysis of the record" to determine whether the evidence, when viewed in the light most favorable to the conviction, was sufficient to support the jury's verdict. *Id.*, at *3. The court noted the victim's trial testimony that she did not want to have sex with Mr. Brothers and that she was "willing to do anything to … get out of the situation." *Id.* She further stated that she did not consent to anything that happened while she was imprisoned. *Id.* The court acknowledged that by the time the victim initiated sexual contact, she had been held against her will and had been subjected to Mr. Brothers's "bizarre and frightening behavior" for several hours. *Id.* The court ultimately concluded that the issue of whether consent was freely given was a fact question for the jury. *Id.* Given the circumstances, there was sufficient evidence to support the jury's finding. *Id.*

The court of appeals also affirmed the admission of the expert testimony on sexual assault victims' behavior, but reversed the district court's imposition of multiple sentences. *Id.*, at *2-4. In reversing the multiple sentences imposed, the court of appeals reasoned that the record did not support the district court's finding that Mr. Brothers committed the crime of first-degree criminal sexual conduct with

force or violence. *Id.*, at 4. The case was remanded, and Mr. Brothers was resentenced to 201 months in prison. Resp.'s Mem. at 2, ECF No. 6

Mr. Brothers appealed to the Minnesota Supreme Court, but his petition for further review was denied in January 2016. Pet. at 2; Resp.'s Mem. at 2. In the instant petition, Mr. Brothers essentially raises one of the claims that he presented to the Minnesota Court of Appeals. He asserts that his criminal-sexual-conduct conviction violated the Due Process Clause because the victim initiated the sexual conduct and the state failed to present evidence that the victim withdrew that consent.[1] Pet. at 6; *see also Brothers*, 2015 WL 6829679, at *1.

## THE LEGAL STANDARD

A district court may grant habeas relief to a state prisoner who is in "custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Anti-Terrorism and Effective Death Penalty Act (AEDPA) limits habeas review to adjudications that:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law,

---

[1] Federal courts may consider granting habeas relief to a state prisoner only if the prisoner has exhausted all available state court remedies related to those claims. 28 U.S.C. § 2254(b); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A claim is exhausted when the prisoner fairly presents his constitutional claims to the highest available state court before seeking relief in federal court. *O'Sullivan*, 526 U.S. at 838. The record before this Court does not include Mr. Brothers's petition to the Minnesota Supreme Court. Thus, the Court cannot be certain whether Mr. Brothers fairly presented his constitutional claim to the highest available state court. For the purposes of this Report and Recommendation, and based on Mr. Brothers's brief to the Minnesota Court of Appeals, this Court will assume that Mr. Brothers did present this constitutional claim to the Minnesota Supreme Court. In addition to citing state cases addressing the sufficiency of the evidence standard in his brief to the Minnesota Court of Appeals, Mr. Brothers cited the Fifth and Fourteenth Amendment to the United States Constitution and relied on *In re Winship,* 397 U.S. 358, 364 (1970). Resp.'s App. § B at 18. Thus, although the court of appeals did not refer to the federal constitution or to *In re Winship* in its opinion, the Court concludes that Mr. Brothers fairly presented the federal nature of his claim in his petition to the Minnesota Supreme Court challenging the court of appeals's decision.

>   as determined by the Supreme Court of the United States;
>   or
>
>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* § 2254(d). A state court's decision is "contrary to" clearly established Supreme Court precedent when it "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case different than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision constitutes an "unreasonable application" of Supreme Court precedent when it "identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

Against this legal backdrop, this Court considers Mr. Brothers's sufficiency-of-the-evidence challenge. In *Slatter v. Leapley*, the Eighth Circuit held that a sufficiency challenge is "necessarily a due process challenge to the conviction." 977 F.2d 1259, 1262 (8th Cir. 1992). Due process challenges require an inquiry into whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The Constitution guarantees criminal defendants the right to proof beyond a reasonable doubt. *See in re Winship*, 397 U.S. at 365.

When reviewing the sufficiency of evidence to support a conviction, a federal court's scope of review is "extremely limited." *Sera v. Norris*, 400 F.3d 538, 543 (8th Cir. 2005). Such a narrow scope protects the role of the fact-finders of a trial as arbiters of credibility and guilt. *See Pendleton v. Fabian*, No. 09–733 (JNE/AJB), 2010 WL 145274, at *8 (D. Minn. Jan. 8, 2010) (citing *Sera*, 400 F.3d at 543). The Court "will not disturb a conviction if the evidence rationally supports two conflicting hypotheses." *Hill v. Norris*, 96 F.3d 1085, 1088 (8th Cir. 1996) (citing *United States v. Brown*, 921 F.2d 785, 791 (8th Cir. 1990)). In fact, a federal court may overturn a state court's rejection of a sufficiency challenge "only if the state court decision was objectively unreasonable." *Coleman v. Johnson*, 132 S.Ct. 2060, 2062 (2012). Habeas courts accord "great deference" where a state appellate court has found the evidence supporting the conviction to be constitutionally sufficient. *Id.*

## ANALYSIS

Mr. Brothers raises one line of argument for this Court's review. He asserts that the victim initiated the sexual conduct and never withdrew consent, and that the state failed to present evidence that showed otherwise. Pet. at 5. Based on this alleged failure, Mr. Brothers contends that the jury had insufficient evidence to reach a guilty verdict as to first-degree criminal sexual conduct. *Id.* He asserts that his due process rights were violated because the jury unreasonably interpreted the element of lack of consent. *Id.*

To convict Mr. Brothers for first-degree criminal sexual conduct, the state had to prove that Mr. Brothers "engage[d] in sexual penetration with another person" when "circumstances existing at the time of the act cause[d] the complainant to have a reasonable fear of imminent great bodily harm to the complainant or another" and that the perpetrator acted without the complainant's consent. *See* Minn. Stat. § 609.342, subd. 1(c) (2012); 10 Minn. Dist. Judges Ass'n, *Minnesota Practice—Jury Instruction Guides, Criminal*, CRIMJIG 12.03 (6th ed. 2014) (including an element of lacking consent in the relevant model jury instruction). Consent is defined as "words or overt actions by a person indicating a freely given present agreement to perform a sexual act with the actor." Minn. Stat. § 609.341, subd. 4 (2016). Neither a prior or current social relationship between the actor and the complainant nor a failure to resist constitutes consent. *Id.*

Based on this Court's review of the record, the jury's determination that the sexual contact at issue was nonconsensual was not "objectively unreasonable," nor was it a conclusion with which "no rational trier of fact could have agreed." *Jackson*, 443 U.S. at 319. The victim testified at length at trial, explaining that she did not consent and would have done anything to escape her confinement. *Brothers*, 2015 WL 6829679, at *3. The court of appeals properly viewed the evidence in favor of the conviction, assumed that the jurors disbelieved any evidence to the contrary, and found sufficient evidence to support the jury's finding of lacking consent. *Id.*

The federal law raised by Mr. Brothers—the Due Process clause—requires that the state present sufficient evidence to prove a defendant's guilt beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364. Here, as found at trial and on appeal, the record contained the requisite quantum of evidence. Against the backdrop of strict habeas

standards, Mr. Brothers's sufficiency-of-the-evidence claim is thereby precluded from federal habeas relief.

Mr. Brothers has not satisfied the AEDPA standards for habeas review. He has not shown that his conviction or the decision of the court of appeals was contrary to Supreme Court precedent, involved an unreasonable application thereof, or otherwise relied on an unreasonable determination of the facts. As a result, Mr. Brothers's petition should be denied.

## RECOMMENDATION

Based on the foregoing, **IT IS HEREBY RECOMMENDED THAT** Kelly Brothers's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 be **DENIED** and this action be **DISMISSED**.

Date: April 2, 2018

*s/ Katherine Menendez*
Katherine Menendez
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.